UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew Mason Dvash-Banks, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Michael R. Pompeo, et al.,<br><br>Defendants.<br>_____ | Case No. **CV 18-523-JFW (JCx)**<br><br>**PROTECTIVE ORDER [MODIFICATIONS MADE TO PARAGRAPH 1.1, 2.1, 7.3, 13.3, FOOTNOTE 2 AND EXHIBIT A]** |

Upon the request of the parties in the above-captioned matter, in accordance with Federal Rule of Civil Procedure 26(c), Section 3(b)(11) of the Privacy Act of 1974 (5 U.S.C. § 552a(b)(11)), and Federal Rule of Evidence 502(d), and finding good cause, the Court hereby enters the following Protective Order.

## 1. **INTRODUCTION**

1.1. <u>Purposes and Limitations</u>.  As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that

(a) are entitled to confidential treatment under the applicable legal principles, (b) fall into one or more categories of "Protectable Information" specified in Section 1.2 below, and (c) are designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the procedures outlined in this Protective Order.  Further, as set forth in Section 13.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  See, e.g., Standing Order (Docket No. 27), Paragraph 9.  Section 11 of this Protective Order incorporates an agreement reached by the Parties pursuant to Federal Rule of Evidence 502(e), and is intended to constitute an order pursuant to Rule 502(d) and to displace the provisions of Rule 502(b).

  1.2. <u>Good Cause Statement</u>. In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. Specifically, the Court finds good cause to protect information within or derived from the following categories of information ("Protectable Information"):

    (a) Personally identifiable information, such as social security numbers, birth dates, home addresses, email addresses, passport numbers, passport photos, personal signatures, and non-public telephone numbers;

    (b) Personal health, medical, tax, or financial information of the Plaintiffs or their immediate family members;

1    (c)  Confidential surrogacy or other reproduction-related agreements;

2    (d)  Documents Plaintiffs filed under seal in other court proceedings;

3    (e)  Information relating to minor children;

4    (f)  Information that would reveal sensitive, unclassified information of the Government, including for example (i) operational details regarding the Government's fraud prevention efforts—such as how the Government identifies or prevents fraudulent attempts to obtain a Consular Report of Birth Abroad or a U.S. Passport, or (ii) procedures for collecting, sharing, or using sensitive governmental information; and

5    (g)  Information relating to foreign governments or representatives of foreign governments;[1]

The parties shall not designate any information/documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, that it fits one or more of the categories of "Protectable Information" specified above, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1.   Action:  The instant action:  *Dvash-Banks v. Pompeo*, Civil Case No. 18-523-JFW (JCx) (C.D. Cal.).

2.2.   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

---

[1] Nothing in this protective order waives the Parties' rights to withhold information under any applicable privileges or legal protections.

2.4. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. Document: includes all items listed in Federal Rule Civil Procedure 34(a)(1)(A) and (B).

2.8. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9. House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm—or, in the case of federal officers or agencies, the Department of Justice—which has appeared on behalf of that party, and includes support staff.

2.12. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protectable Information</u>:  information within or derived from the categories of information specified above in the Good Cause Statement.

2.16. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "<span style="font-variant:small-caps">Confidential – Subject to Protective Order</span>."

2.17. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18. <u>Qualified Recipient</u>:  as further specified in Section 7.2 below, a Person to whom a Receiving Party may disclose Protected Information.

## 3. **SCOPE OF PROTECTIONS**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

A Producing Party will not be restricted in its use or dissemination of the Protected Information that it produces in this case. That said, the public disclosure of information by a Producing Party may foreclose the party from properly designating

the information as "Confidential – Subject to Protective Order" or may operate as a waiver of such designation.

## 4. DURATION OF PROTECTIONS

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) unless such portion(s) on its face obviously falls within one of the categories of Protectable Information specified above in the Good Cause Statement (in which case the "Confidential legend" on the page may suffice).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

7

making appropriate markings in the margins) unless such portion(s) on its face obviously falls within one of the categories of Protectable Information defined in above in the Good Cause Statement (in which case the "Confidential legend" on the page will suffice).

(b) for testimony given in depositions, that the Designating Party identifies on the record, before the close of the deposition as protected testimony. After indicating on the record or promptly thereafter that a portion(s) of the deposition contains information that is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and within the time period allowed under Fed. R. Civ. P. 30(e)(1) for "review by the witness," the Designating Party shall: (i) review the deposition transcript, and identify by page and line number the specific portion(s) of the transcript containing Protected Information; (ii) notify the officer before whom the deposition was conducted (*i.e.*, the court reporter) of the specific portion(s) of the transcript that are designated and should be marked by the officer on the official copy as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," requesting as needed that such pages be separately bound and/or that the officer also prepare and make available to the parties a redacted copy of the transcript, and (iii) provide notice about the designated portion(s) of the transcript to all Parties and Non-Parties who attended the deposition.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. The failure to designate information as "Protected Information" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction

of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.

6.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed by a Receiving Party only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "Confidential – Subject to Protective Order" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing

by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to "Qualified Recipients," who consist of:

    (a) parties to this action, as well as current and former employees and officers of the Department of State, who have a need to review the Protected Information for purposes of this Action;

    (b) the Receiving Party's Outside Counsel of Record in this Action, as well as persons in the regular employ of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) outside contractors hired by the Receiving Party (or by the Receiving Party's Outside Counsel of Record) to copy, image, sort, or otherwise manage the storage or retrieval of Protected Information, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e) the court (including this Court and/or any appellate court or tribunal responsible for adjudicating claims related to this Action) and its personnel;

    (f) court reporters and their staff;

    (g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (i) during their depositions, or in preparation for their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is

reasonably necessary provided: (1) the deposing party (or, during a preparation session, a Producing Party or a Receiving Party) requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3. Although only certain categories of Qualified Recipients specified above in paragraph 7.2 are required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving Protected Information, a Receiving Party (and/or its Outside Counsel of Record) disclosing Protected Information to any Qualified Recipient must provide the Qualified Recipient (except for those listed in paragraph 7.2(e), above) with a copy of this Protective Order, and inform the Qualified Recipient of its terms. A Receiving Party (and/or its Outside Counsel of Record) bears responsibility for ensuring that the Qualified Recipient understands the compliance requirements, including that the Qualified Recipient shall submit to the jurisdiction of the United States District Court for the Central District of California if needed for the purpose of enforcing the terms of this order, even if such enforcement proceedings occur after termination of this action.

7.4. Each Receiving Party (and/or its Outside Counsel of Record) shall maintain a list of any Qualified Recipients to whom the Receiving Party (and/or its Outside Counsel of Record) discloses Protected Information. Upon request of opposing counsel or the Court, counsel for a Party shall produce a copy of such list,

as well as any or all signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) Forms in their possession.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1. The production of a Document, or part of a Document, shall not constitute a waiver of any privilege or protection as to any portion of that Document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Section applies to attorney-client privilege, work-product protections, as well as all other protection afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges. Nothing in this Section shall constitute an admission that any Document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Section shall prohibit parties covered by this Section from withholding from production any Document covered by any applicable privilege or protection.

11.2. This Section of the Protective Order is intended to constitute an order pursuant to Federal Rule of Evidence 502(d) and to displace the provisions of Rule 502(b). That is, the disclosure of privileged or protected information in this litigation

shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a Producing Party's right to conduct a pre-production review of Documents as it deems appropriate.

11.3. The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

(a) If a Receiving Party discovers a Document, or part thereof, produced by another party that is privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party, as well as any other party who also received the Document in discovery. Each party who received the Document must then return the Document or make reasonable efforts to destroy it and certify to the Producing Party that reasonable efforts have been made to destroy it. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party(ies).

(b) If the Producing Party determines that a Document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the Receiving Party(ies) notice of the claim of privilege ("privilege notice").

(c) The privilege notice must contain information sufficient to identify the Document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

(d) Upon receiving the privilege notice, if a Receiving Party agrees with the privilege assertion made, that Receiving Party must promptly return the specified Document(s) and any copies or make reasonable efforts to destroy the Document(s) and copies and certify to the producing party that reasonable efforts have been made to destroy the Document(s) and copies thereof. The Receiving Party must sequester and destroy any notes taken about the

Document. If the Receiving Party disclosed the Document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

(e) Upon receiving the privilege notice, if a Receiving Party wishes to dispute a Producing Party's privilege notice, that Receiving Party shall promptly meet and confer with the Producing Party. The Document(s) shall be sequestered and not be used by the Receiving Party in the litigation (e.g., filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim. Any motion challenging a party's privilege assertion must comply with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement, and Local Rule 79-5, and may be filed under seal only pursuant to a separate court order authorizing the sealing of the specific Protected Material at issue.

(f) Pending resolution of the judicial determination, the parties shall all preserve and refrain from using the challenged information for any purpose other than the dispute concerning the privilege notice and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. A Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

(g) If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, systems, or similar storage need not be

immediately deleted or destroyed, and, instead, reasonable efforts will be made to overwrite or destroy such materials in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

## 12. AUTHORIZATION TO DISCLOSE INFORMATION SUBJECT TO THE PRIVACY ACT.

In response to discovery requests or obligations in this case without obtaining the prior written consent of the individuals about whom such records or information pertain, federal agencies and their counsel are authorized to disclose records and other information covered by the Privacy Act, 5 U.S.C. § 552a, regarding the following four individuals: Andrew Mason Dvash-Banks, Elad Dvash-Banks, A.J.D.-B., and E.J.D.-B.

## 13. MISCELLANEOUS

13.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. Right to Assert Other Objections. This Protective Order does not require the production of information subject to any applicable privilege or legal protection. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3. Filing Protected Material. This Protective Order does not alter the requirements of Civil Local Rule 79-5, which requires an order of the Court permitting documents to be filed under seal. This Protective Order provides no such permission. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, and specifically with Local Rule 79-5.2.2 (Under-Seal Documents in Non-Sealed Civil Cases), and with any pertinent orders

of the assigned District Judge and Magistrate Judge.[2]  See, e.g., Standing Order (Docket No. 27), Paragraph 9.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 14.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party—and each Qualified Recipient (other than those listed in Section 7.2(e) above) to whom Protected Information has been disclosed by a Receiving Party—must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party and/or Qualified Recipient must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies

---

[2] Among other things, Local Rule 79-5.2.2(b) specifies that a filing party must—at least 3 days before seeking to file under seal a document containing information previously designated by another as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"—confer with the Designating Party in an attempt to eliminate or minimize the need for filing under seal by means of redaction. But see Standing Order (Docket No. 27), Paragraph 9 (requiring that designating party be afforded five calendar days notice of intent to file such documents, and setting out procedure/time line for resolving objections).

18

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**15. <u>VIOLATIONS</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

This Court has and retains jurisdiction to enforce the terms of this order, even after the final disposition of this Action. Any Party or Qualified Recipient to whom "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" information or materials is disclosed shall submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

IT IS SO ORDERED.

DATED: December 19, 2018

_____/s/_____
Honorable Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on December 19, 2018, in the case of *Dvash-Banks v. Pompeo*, Civil Case No. 18-523-JFW (JCx) (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____