# EXHIBIT F

SULLIVAN & CROMWELL LLP
Alexa M. Lawson-Remer (268855)
lawsonr@sullcrom.com
1888 Century Park East, Suite 2100
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Theodore Edelman (pro hac vice)
edelmant@sullcrom.com
Jessica Klein (pro hac vice)
kleinj@sullcrom.com
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

IMMIGRATION EQUALITY
Aaron C. Morris (pro hac vice)
amorris@immigrationequality.org
40 Exchange Place, Suite 1300
New York, NY 10005-2744
Telephone: (212) 714-2904

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MASON DVASH-BANKS and E▓▓▓ J▓▓▓ D▓▓▓-B▓▓▓, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF STATE, and THE HONORABLE MICHAEL R. POMPEO, Secretary of State, <br><br> Defendants. | Case No. 2:18-cv-00523-JFW-JCx <br><br> **PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS** |

Elad and Andrew Dvash-Banks are the parents of E▮▮▮ for all purposes in law. All of these documents were previously submitted to the State Department in support of E▮▮▮'s Consular Report of Birth Abroad ("CRBA") and/or U.S. passport applications. Plaintiffs do not intend this answer as a complete recitation of all the support for the allegation about which Interrogatory No. 4 inquires, and Plaintiffs reserve the right to modify or supplement their responses and objections to Interrogatory No. 4.

**Interrogatory No. 5:**

Identify any and all "difficulties and humiliation" that the Dvash-Banks family has endured due to the denial of a Consular Report of Birth Abroad and a U.S. passport for E▮▮▮, as alleged in paragraph 57 of your Complaint.

**Response to Interrogatory No. 5:**

Plaintiffs incorporate their Objections by reference and further object to Interrogatory No. 5 on the grounds that the Complaint speaks for itself and refer Defendants to the Complaint.

Subject to, and without waiver of, any of the Objections, Plaintiffs respond as follows:

The Dvash-Banks family has endured a multitude of harm, difficulties and humiliation as a result of the State Department's improper denial of the CRBA and U.S. passport applications for E▮▮▮. That harm includes damage to Plaintiffs' family life and unity, dignity, as well as the other forms of denigration and distress that result from Defendants' unwarranted denial of recognition of E▮▮▮'s U.S. citizenship at birth and branding of E▮▮▮ as an illegitimate child born "out of wedlock" to Andrew and Elad. Some, but by no means all, of the harm, difficulties and humiliation include the following: Andrew and Elad have suffered dignitary and stigmatic harm as a result of being treated differently based on their sexual orientation, including the State Department's refusal to recognize their marriage or that they are entitled to the same marital rights and benefits as opposite sex

-20-

1 spouses, and the State Department's treatment of their children as illegitimate and
2 born "out of wedlock." The stigma to E▇▇, still a young child, of being
3 characterized as illegitimate, differentiated from his twin brother A▇▇, and
4 treated as though he is not his father Andrew's son, is expected to continue for as
5 long as Defendants fail to recognize his U.S. citizenship and the effects of
6 Defendants' arbitrary and unjustified conduct may well extend in perpetuity. The
7 practical consequences for E▇▇ range from how he is treated when he travels,
8 including the passport he holds, to whether he will one day during his childhood
9 develop the anxiety of knowing that he could be forced to leave the country at any
10 time. Plaintiffs have been and continue to be plagued by the fear of having their
11 family ripped apart.

12     Plaintiffs have been hampered in their ability to travel. Plaintiffs were
13 forced to cancel a trip to Israel to visit Elad's family because E▇▇ was limited to
14 only a travel visa, which had expired, and there was a serious risk that he would be
15 prevented from reentering the United States upon his return. Even though E▇▇
16 now has an Advance Parole document that allows travel outside the United States,
17 the risk that E▇▇ may not be granted reentry continues, as mere possession of
18 Advance Parole does not guarantee admission into the United States. Specifically,
19 individuals who have been unlawfully present in the U.S. and subsequently depart
20 and seek reentry through a grant of parole may be inadmissible. *See*
21 https://www.uscis.gov/news/questions-and-answers/uscis-issue-employment-
22 authorization-and-advance-parole-card-adjustment-status-applicants-questions-
23 and-answers. When the Dvash-Banks family returned home from a recent trip to
24 Mexico, Andrew and E▇▇ were diverted to a room for secondary inspection,
25 while Elad and A▇▇ were able to pass through ordinary immigration and
26 customs.

27     Plaintiffs have also been harmed financially. For example, when Plaintiffs
28 were filing their 2017 taxes, they wished to claim a dependent exemption for

-21-

1, as would any parent of a child in that situation, but because E▮▮▮ did not have a social security number, Andrew and Elad had to pay an accountant to obtain an individual taxpayer identification number ("ITIN") for E▮▮▮. This unnecessary complication delayed payment of Plaintiffs' tax refund, which they received only recently. Plaintiffs also have had to expend substantial sums of money on E▮▮▮'s green card application, which would be entirely unnecessary had his CRBA application not been denied.

Plaintiffs have also had to spend countless hours dealing with the ramifications of the denial of E▮▮▮'s CRBA and U.S. passport applications. For instance, Plaintiffs have spent time on E▮▮▮'s green card application (and associated Advance Parole document application). Plaintiffs have also spent long hours attending to this Action, which has caused them to divert time and attention from other pursuits. Andrew and Elad have faced additional difficulties including explaining to their health care provider why A▮▮▮ has a social security number while E▮▮▮ does not, as well as the tax return issues described above.

Plaintiffs have had to deal with publicity they never wanted. Before this lawsuit, Andrew and Elad had no intention of disclosing to their children, let alone to the general public, which child was biologically related to which parent, let alone the private details of E▮▮▮ and A▮▮▮'s conception.

Plaintiffs reserve the right to modify or supplement their responses and objections to Interrogatory No. 5.

**Interrogatory No. 6:**

Identify who you consider to be "similarly situated persons" as alleged in paragraph 71 of your complaint and implied throughout your complaint.

**Response to Interrogatory No. 6:**

Plaintiffs incorporate their Objections by reference and further object to Interrogatory No. 6 on the grounds that it is premature. Plaintiffs are still developing their legal arguments, a process that has been substantially inhibited by

-22-

twins. (See ¶¶ 2.8, F.9, I.10 and 4.1 of the Surrogacy Agreement.) Plaintiffs further state that Andrew is listed as a parent of E███ on E███'s Statement of Live Birth. Plaintiffs further refer Defendants to the Declaration of Parentage of E███, which declared Andrew and Elad to be E███'s parents "for all purposes in law."

**Request for Admission No. 13:**

Admit that your (Andrew's) status as a legal parent of E███ D███-B███ was not established until September 28, 2016.

**Response to Request for Admission No. 13:**

Plaintiffs incorporate their Objections by reference and further object on the grounds that Request for Admission No. 13 calls for a legal conclusion.

Subject to, and without waiver of, any of the Objections, Plaintiffs deny that Andrew's status as a legal parent of E███ was not established until September 28, 2016, twelve days after E███'s birth.

**Request for Admission No. 14:**

Admit that you (Andrew) are not biologically related to E███

**Response to Request for Admission No. 14:**

Plaintiffs incorporate their Objections by reference.

Subject to, and without waiver of, any of the Objections, Plaintiffs admit that the DNA testing described in Plaintiffs' Response to Request for Admission No. 6 did not find a biological connection between Andrew and E███.

**Request for Admission No. 15:**

Admit that you (Andrew) and/or your husband (Elad) arranged for DNA testing to be conducted in September 2016, after E███ and A███ were born, to establish the parentage of E███ and A███.

**Response to Request for Admission No. 15:**

Plaintiffs incorporate their Objections by reference and further object to Request for Admission No. 15 on the grounds that the phrase "establish the

-32-

vexatious. Plaintiffs also object to this request on the grounds that it is unfounded and argumentative in that it assumes any DNA test was performed to "establish parentage or non-parentage for E▮▮▮." By responding to Request for Production No. 11, Plaintiffs do not admit that the tests were performed to "establish the parentage" of E▮▮▮. Plaintiffs further object to Request for Production No. 11 to the extent that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Plaintiffs construe the request as seeking applications for and/or results of each DNA and/or paternity test performed to establish whether E▮▮▮ was biologically related to either Andrew or Elad, other than the documentation submitted with E▮▮▮'s CRBA and U.S. passport applications in January 2017.

In view of the foregoing objections and the other Objections, Plaintiffs will not produce documents in response to Request for Production No. 11. Subject to, and without waiver of, the Objections, Plaintiffs refer Defendants to Plaintiffs' Response to Request for Admission No. 14, and state that they are available to meet and confer with Defendants to discuss Plaintiffs' objections to Request for Production No. 11.

Dated: November 19, 2018

Respectfully submitted,

By: */s/ Alexa M. Lawson-Remer*
SULLIVAN & CROMWELL LLP
Alexa M. Lawson-Remer (268855)
lawsonr@sullcrom.com
1888 Century Park East, Suite 2100
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Theodore Edelman (pro hac vice)
edelmant@sullcrom.com
Jessica Klein (pro hac vice)
kleinj@sullcrom.com
125 Broad Street
New York, NY 10004-2498

-48-

Telephone: (212) 558-4000
Facsimile: (212) 558-3588

IMMIGRATION EQUALITY
Aaron C. Morris (pro hac vice)
amorris@immigrationequality.org
40 Exchange Place, Suite 1300
New York, New York 10005-2744
Telephone: (212) 714-2904

*Attorneys for Plaintiffs*

-49-

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

**VERIFICATION**

I, Andrew Mason Dvash-Banks, declare as follows:

I am a named Plaintiff in this matter and I am authorized to make this verification on Plaintiffs' behalf. I have read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and know their contents. On behalf of myself and E███ J███ D███-B███, I certify or declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the same are true and correct.

Executed on November 19, 2018 at Los Angeles, California.

*[signature]*