1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION (LOS ANGELES)**

| | |
|---|---|
| ANDREW MASON DVASH-BANKS AND E.J. D.-B., | Case No. 2:18-cv-00523-JFW-(JCx) |
| Plaintiffs, | **NOTICE OF LODGING OF PROPOSED JUDGMENTS** |
| v. | Judge:      Hon. John F. Walter<br>Courtroom:  7A |
| THE UNITED STATES DEPARTMENT OF STATE, and THE HONORABLE MICHAEL R. POMPEO, Secretary of State, | |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to the Court's February 21, 2019 Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment and Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment (ECF No. 123) (as referenced by Plaintiffs, the "Order," and by Defendants, the "Civil Minutes"), the Parties—Plaintiffs

1  Andrew Dvash-Banks and, by and through his guardian *ad litem*, E.J. D.-B. ("E.J."

2  and collectively, "Plaintiffs") and Defendants the United States Department of

3  State and the Honorable Michael R. Pompeo, in his official capacity as Secretary

4  of State ("Defendants")—are lodging herewith their Proposed Judgments, which

5  are attached as Exhibits 1 (Plaintiffs' Proposed Judgment) through 2 (Defendants'

6  Proposed Judgment).

7       On February 25, February 27, and February 28, 2019, the Parties exchanged

8  drafts of their proposed judgments.  On February 27 and February 28, 2019, the

9  Parties met and conferred, but were unable to reach agreement on the form of the

10  proposed judgment.  The parties set forth their respective positions as follows:

11  **A.   PLAINTIFFS' POSITION**

12       *First*, the parties disagree as to whether the Court's judgment explicitly

13  should require Defendants to issue E.J. a U.S. passport and to do so within a

14  specified time and to waive any associated fees, as well as to approve an

15  application for a Consular Report of Birth Abroad ("CRBA") submitted on E.J.'s

16  behalf and to waive any associated fees, if E.J. and Andrew and Elad appear in

17  person at a foreign embassy or consulate in connection with such an application.[1]

18  Defendants assert that such relief is (i) unnecessary because the State Department

19  likely would approve an application for a U.S. passport submitted on E.J.'s behalf

20  even absent an order of this Court directing them to do so, and because (ii) a

21  CRBA is duplicative of the Court's declaration of E.J.'s U.S. citizenship.

22  Defendants further assert that E.J.'s eligibility for those documents should be left

23  to the State Department's discretion.

24       Plaintiffs contend that the Court's judgment should explicitly require the

25  State Department to provide E.J. with the citizenship documentation to which he is

26

27  [1]     Defendants have represented to Plaintiffs that the State Department is

28  permitted to issue a CRBA only to a person who appears in-person outside of the United States.

entitled in order to ensure the State Department's compliance with the Court's
February 21, 2019 Order and to afford Plaintiffs complete relief on their claim
under 8 U.S.C. § 1503, as requested in the First Amended Complaint.  (*See* ECF
No. 94 (seeking a declaration of U.S. citizenship and "such other relief as the Court
deems just and proper").)  *See also Brown* v. *Plata*, 563 U.S. 493, 538 (2011)
("Once invoked, the scope of a district court's equitable powers is broad, for
breadth and flexibility are inherent in equitable remedies." (alterations and internal
quotation marks omitted).)  Contrary to Defendants' assertion, courts in this Circuit
appropriately have ordered the issuance of a U.S. passport pursuant to 8 U.S.C.
§ 1503, *see, e.g.*, *Acosta* v. *United States*, No. C14-420 (W.D. Wash. Apr. 29,
2015) (judgment).

Indeed, Plaintiffs' position is consistent with Defendants' arguments
in this action.  *See, e.g.*, ECF 92-1 at 13 ("*Alsaidi* v. *U.S. Dep't of State*, 292 F.
Supp. 3d 320, 326 (D.D.C. 2018) ("[C]ourts have repeatedly dismissed APA
claims challenging the denial of a passport application or a passport revocation on
grounds that the holder is not a U.S. national, reasoning that . . . a judicial
declaration of citizenship and entitlement to a passport may be directly sought
through 8 U.S.C. § 1503(a)." (quoting *Villarreal* v. *Horn*, 203 F. Supp. 3d 765, 773
(S.D. Tex. 2016)).).") and ECF 112 at 5 ("To the extent that Plaintiffs still seek to
challenge the Department's denials of E.J.'s CRBA and passport applications,
section 1503 is designed to address those concerns and can provide the
documentation of citizenship originally sought through E.J.'s CRBA application;
thus, section 1503 can provide complete relief to E.J.").  Plaintiffs further contend
that Federal Rule of Civil Procedure 54(c) explicitly authorizes the inclusion of
such a provision in the judgment.  *See* Fed. Rule Civ. Proc. 54(c) (allowing courts
to "grant the relief to which each party is entitled, even if the party has not
demanded that relief in its pleadings").

-3-

1   Such relief is particularly appropriate here, where the Court rejected the lack

2   of a biological relationship as a basis for the denial of E.J.'s applications, and

3   where Defendants have conceded that "the adjudicating officer denied E.J.'s

4   applications on the ground that the applicants had failed to establish a biological

5   connection between E.J. and a U.S. citizen parent." (ECF No. 101 at 3.)  Because

6   the Order removed the only basis on which Defendants denied E.J.'s applications

7   for a U.S. passport and CRBA, there is no issue that appropriately should be left to

8   the State Department's discretion regarding the issuance of those documents to E.J.

9   In a fashion typical of Defendants' litigation of this action, Defendants nonetheless

10  seek to prolong recognition of E.J.'s U.S. citizenship and compel the Dvash-Banks

11  family to jump through still more hoops to obtain the relief to which the Court has

12  now ordered they are entitled.  In particular, Defendants seek the option to

13  continue to deny a U.S. passport and CRBA to E.J. for unarticulated reasons (even

14  though they have conceded in this action that no such bases now exist) and to force

15  E.J. and his parent "at that time [to] seek further relief from the Court."  In view of

16  the parties' contentions and the Court's adjudication in this action, such a position

17  is meritless, inefficient and manifestly unfair.

18      *Second*, Plaintiffs' Proposed Judgment states that the Court retains

19  jurisdiction to adjudicate any motion for attorneys' fees and costs, as allowed by

20  law.  Defendants believe that the inclusion of this statement is superfluous because

21  it is implicit in Federal Rule of Civil Procedure 54(d).  Plaintiffs acknowledge that

22  this language is consistent with the Federal Rule, but include it in their proposed

23  judgment to ensure that any judgment entered would not be construed as

24  inconsistent with Plaintiffs' right to file a forthcoming motion for attorneys' fees

25  and costs.

26      *Third*, Plaintiffs contend that the Judgment should expressly indicate that the

27  dismissal of the Due Process Clause Claim as moot was not a final adjudication on

28  the merits and therefore was without prejudice.  *See, e.g.*, *Raybould* v. *JP Morgan*

-4-

1    *Chase Bank, N.A.*, 2013 WL 4786492, at *1 (D. Or. Sept. 6, 2013) (dismissing the

2    complaint as moot without prejudice and denying the defendant's motion for

3    summary judgment because the "[c]ourts cannot take jurisdiction over a claim as to

4    which no effective relief can be granted").

5    **B.    DEFENDANTS' POSITION**

6           This Court has granted Plaintiffs summary judgment with respect to their

7    claim brought pursuant to 8 U.S.C. § 1503, a provision of the Immigration and

8    Nationality Act allowing a person who claims his rights as a United States national

9    have been denied to "'institute an action … for a judgment declaring him to be a

10   national of the United States.'" February 21, 2019 Civil Minutes at 7 (quoting

11   § 1503). Section 1503 does not authorize injunctive or mandamus relief, *see* 8

12   U.S.C. § 1503, as Plaintiffs themselves have appeared to acknowledge, *see, e.g.*,

13   Pls.' Opp. to Defs.' Mot. for S.J. (ECF No. 95) at 5–6 (arguing that the declaratory

14   relief available under § 1503 would be inadequate, and that were the Court to issue

15   such a declaration, it would "remain[] to be seen whether the State Department …

16   would issue a CRBA and U.S. passport if he were to provide them with a court

17   order declaring him to be a U.S. citizen"). But the specific form of relief provided

18   by § 1503—a declaration of citizenship—represents Congress's considered choice

19   to "both afford aggrieved persons total relief and at the same time minimize

20   judicial intrusion into the administrative decisionmaking processes." *Cartier v.*

21   *Sec'y of State*, 506 F.2d 191, 200 (D.C. Cir. 1974); *see also, e.g., Perkins v. Elg*,

22   307 U.S. 325, 350 (1939) (modifying declaratory judgment decree to include the

23   Secretary of State, without specifically ordering the Secretary to issue a passport,

24   explaining, "The decree [as modified by the Court] would in no way interfere with

25   the exercise of the Secretary's discretion with respect to the issue of a passport but

26   would simply preclude the denial of a passport on the sole ground that Miss Elg

27   had lost her American citizenship.").

28

-5-

1    Defendants have submitted their own proposed Judgment because they

2    disagree with the inclusion of paragraphs 3, 4, and 5 of Plaintiffs' proposed

3    Judgment. Not only does Plaintiffs' proposed Judgment depart from relief

4    requested in the Prayer for Relief included in Plaintiffs' First Amended Complaint

5    (Dkt. No. 94 at 22), but also it would specifically order the Department to issue a

6    U.S. passport and CRBA to E.J.—relief that is unavailable under § 1503. The

7    Court lacks authority to issue such an order at this time, and Plaintiffs' proposal is

8    at best unnecessary and premature. Defendants do not seek to "prolong recognition

9    of E.J.'s U.S. citizenship," *cf.* Plaintiffs' Position Statement, *supra* at 4—

10   Defendants recognize that this Court has decided the question of E,J,'s citizenship.

11   The narrow question of law now at issue is whether Plaintiffs are presently entitled

12   to an injunction affording specific relief under § 1503.  That certain results would

13   flow from the Court's judgment does not mean an injunction should be issued.

14   Moreover, as Defendants have expressed to Plaintiffs, the Department of State

15   anticipates issuing a passport to E.J. when provided with a copy of the Court's

16   declaratory judgment and an updated application (reflecting current address and

17   including updated passport photos), and already intends to waive the passport

18   fees.[2] And if the Department failed to recognize the Court's declaration of E.J.'s

19   citizenship, Plaintiffs could at that time seek further relief from the Court; but there

20   is no present controversy allowing the Court to issue such an injunction at this

21   time, and Defendants have no reason to think that such controversy will arise.

22   Defendants do not object to the inclusion of an explicit statement that the

23   Court retains jurisdiction to consider an application for attorney's fees or costs, but

24   Defendants have not included such a paragraph in their proposed Judgment

25

26

27   _____
[2] Likewise, the Department anticipates it would issue a CRBA to E.J., and would

28   waive any associated fees, were the Dvash-Banks family to elect to apply in person
     at a United States embassy or consulate.

-6-

1  because they think it unnecessary. *See, e.g.*, Fed. R. Civ. P. 54(d)(2) (anticipating

2  that a motion for attorney's fees may be filed after judgment is entered).

3       Defendants disagree that the dismissal of Count I of Plaintiffs' First

4  Amended Complaint should be without prejudice to Plaintiffs' refiling a

5  declaratory judgment / substantive due process claim in a subsequent proceeding.

6  This Court determined that given its ruling on Plaintiffs' section 1503 claim, it was

7  unnecessary for the Court to reach the merits of the substantive due process claim,

8  and therefore dismissed Count I as moot, February 21, 2019 Civil Minutes at 10.

9  Plaintiffs should not be allowed to revive their Count I claim by refiling a separate

10  action; "dismissal with prejudice is indicated" and "will prevent the regeneration of

11  the controversy by a reassertion of a right to litigate" the Count I claim. *See*

12  *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988).

13                          ***

14                   Respectfully submitted,

15

16       By:      */s/ Alexa M. Lawson-Remer*
                  _____

17            SULLIVAN & CROMWELL LLP
              Alexa M. Lawson-Remer (268855)
18            lawsonr@sullcrom.com
              1888 Century Park East, Suite 2100
19            Los Angeles, CA 90067-1725
              Telephone: (310) 712-6600
20            Facsimile: (310) 712-8800

21            Theodore Edelman (pro hac vice)
              edelman@sullcrom.com
22            Jessica Klein (pro hac vice)
              kleinj@sullcrom.com
23            Lauren M. Goldsmith (293269)
              goldsmithl@sullcrom.com
24            125 Broad Street
              New York, NY 10004-2498
25            Telephone: (212) 558-4000
              Facsimile: (212) 558-3588

26            IMMIGRATION EQUALITY
              Aaron C. Morris (pro hac vice)
27            amorris@immigrationequality.org
              40 Exchange Place, Suite 1300
28            New York, NY 10005-2744

                          -7-

Telephone: (212) 714-2904

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

 */s/ Lisa Zeidner Marcus*
LISA ZEIDNER MARCUS
Senior Counsel
VINITA B. ANDRAPALLIYAL
Trial Attorney

U.S. Department of Justice, Civil
        Division
Federal Programs Branch
P.O. Box 883, Benjamin Franklin Station
Washington, DC 20530
Tel: (202) 514-3336
Email: lisa.marcus@usdoj.gov

*Counsel for Defendants*

-8-