**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E. J. D.-B., a Minor, Elad Dvash-Banks as the guardian ad litem; ANDREW MASON DVASH-BANKS,<br><br>          Plaintiffs-Appellees,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL POMPEO, US Secretary of State Successor Rex W. Tillerson,<br><br>          Defendants-Appellants. | No.   19-55517<br><br>D.C. No. 2:18-cv-00523-JFW-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 7, 2020[**]
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The sole issue in this case is whether the district court correctly concluded that E.J. Dvash-Banks ("E.J.") is a citizen of the United States. Because the district court's decision was correct under binding circuit precedent, we affirm.

E.J. was conceived through Assisted Reproductive Technology and born in Canada. In January 2017, his legal parents, United States citizen Andrew Dvash-Banks ("Andrew") and Israeli citizen Elad Dvash-Banks ("Elad"), applied for a passport for E.J. under 8 U.S.C. § 1401(g), which confers citizenship on "a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States." The United States consulate in Ontario, Canada, denied the application because E.J. was conceived using Elad's sperm. The district court, however, held that E.J. was a citizen under this Court's decisions in *Scales v. INS*, 232 F.3d 1159 (9th Cir. 2000), and *Solis-Espinoza v. Gonzales*, 401 F.3d 1090 (9th Cir. 2005), which hold that § 1401(g) does not require a biological relationship between a child and the citizen parent through whom citizenship is claimed.

The government concedes that *Scales* and *Solis-Espinoza* control this case and has appealed to preserve the argument that those cases were incorrectly decided. As a three-judge panel, we are bound by *Scales* and *Solis-Espinoza*. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). Because the district court did

not err in applying Ninth Circuit law, we affirm.[1]

**AFFIRMED.**

---

[1] Appellees' motion for judicial notice, **Dkt. 22**, is **GRANTED.**