**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION (LOS ANGELES)**

| | |
|---|---|
| ANDREW MASON DVASH-BANKS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY J. BLINKEN, Secretary of State,[1] et al., <br><br> Defendants. | Case No. 2:18-cv-00523-JFW-(JCx) <br><br> **JOINT STATUS REPORT** |

In accordance with this Court's May 13, 2019 Order, the Parties in the above-captioned action ("Action"), by and through undersigned counsel, respectfully submit this Joint Status Report relating to Plaintiffs' application for attorneys' fees and costs pursuant to subsection (d) of the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The Parties state as follows:

---

[1] Under Federal Rule of Civil Procedure 25(d), The Honorable Antony J. Blinken has been automatically substituted as a Defendant in his official capacity as the Secretary of State, in place of his predecessor.

1.	In their April 8, 2019, Joint Stipulation (ECF No. 131), the Parties recounted the procedural history of Plaintiffs' application for attorneys' fees, and reported to the Court that the Parties had "reached an agreement-in-principle, subject to any required approval of the Court, on the amount to be paid by Defendants for attorneys' fees and costs pursuant to the EAJA if Defendants do not file an appeal in the Action." (ECF No. 131 at 2:13–16.)[2]

2.	On May 6, 2019, Defendants filed a notice of appeal ("Appeal"), appealing to the United States Court of Appeals for the Ninth Circuit the Judgment entered by this Court on March 6, 2019 (ECF No. 133).

3.	Counsel for the Parties met and conferred on May 7, 2019, and agreed that further action regarding Plaintiffs' application for EAJA attorneys' fees and costs—whether pursued via finalized settlement or by motion practice—should await final decision in this Action, including the conclusion of Defendants' appeal and any subsequent appellate or remand proceedings. *See* 28 U.S.C. § 2414(d)(1)(B) (setting EAJA-fees-application deadline of 30 days after "final judgment"); *id.* ¶ 2412(d)(2)(G) (defining "final judgment" for EAJA-deadline purposes as "a judgment that is final and not appealable"); *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002) (holding that the 30-day period during which an applicant can file for EAJA fees begins to run only after the conclusion of any appeal and the time for seeking a petition for writ of certiorari with the Supreme Court has expired).

4.	On May 13, 2019, this Court ordered that "[f]urther proceedings in connection with the Motion shall be deferred until after entry in the Action of a final, non-appealable judgment or until such other date as shall be ordered by the Court." (ECF No. 138 at 2:25–28.)

---

[2] The Joint Stipulation noted that "the Parties reached that agreement-in-principle in a constructive spirit without Defendants conceding that Plaintiffs satisfy the criteria for an award of fees and costs under the EAJA." (*Id.* at 2:17–19).

-2-

5. This Court further ordered that "[t]he Parties shall file a joint status report with the Court within five (5) business days after the United States Court of Appeals for the Ninth Circuit issues a mandate on the Appeal, which report shall include the parties' respective positions regarding, and any proposed schedule for, further proceedings concerning the Motion." (*Id*. at 3:1–6.)

6. In a Memorandum Order entered on October 9, 2020 (ECF No. 139), the Ninth Circuit affirmed this Court's Judgment. Defendants thereafter petitioned for rehearing *en banc* of that determination; and on January 15, 2021, the Ninth Circuit denied that petition. (*E.J.D.-B.* v. *U.S. Dep't of State*, Order, No. 19-55517 (9th Cir. Jan. 15, 2021), ECF No. 60.)

7. On January 25, 2021, the Ninth Circuit issued a mandate in this case. (ECF No. 140.)

8. While the Ninth Circuit has issued its mandate, the court's order is still not final and non-appealable. The deadline for Defendants to file a petition for *certiorari* in the Supreme Court is June 14, 2021.

9. In the meantime, Defendants remain willing to negotiate an agreement-in-principle to settle Plaintiffs' district-court and appeals-court fees and costs, which would be contingent on Defendants not seeking further review. Plaintiffs remain willing to negotiate with Defendants regarding fees and costs, without waiving or otherwise prejudicing Plaintiffs' rights to seek judicial determination of the amounts of such fees and costs if a negotiated resolution is not reached.

10. The parties propose to file a further joint status report on March 30, 2021 to apprise the Court as to the status of this matter.

\*\*\*

Respectfully submitted,

By:   */s/ Alexa M. Lawson-Remer*

SULLIVAN & CROMWELL LLP
Alexa M. Lawson-Remer (268855)
lawsonr@sullcrom.com
1888 Century Park East, Suite 2100
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Theodore Edelman (pro hac vice)
edelmant@sullcrom.com
Jessica Klein (pro hac vice)
kleinj@sullcrom.com
Lauren M. Goldsmith (293269)
goldsmithl@sullcrom.com
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

IMMIGRATION EQUALITY
Aaron C. Morris (pro hac vice)
amorris@immigrationequality.org
40 Exchange Place, Suite 1300
New York, NY 10005-2744
Telephone: (212) 714-2904

*Attorneys for Plaintiffs*

BRIAN BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney

U.S. Department of Justice, Civil Division
Federal Programs Branch

P.O. Box 883, Benjamin Franklin Station
Washington, DC 20530
Tel: (202) 305-0845
Email: Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*

## ATTESTATION

In accordance with Local Rule 5-4.3.4(2)(i), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney